# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. G. MARISA KELLY-PIMENTAL, | ) |
| Plaintiff, | ) 2:15-cv-1463 |
| v. | ) Judge Mark R. Hornak |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS ET AL, | ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiff brings this Title VII, 42 U.S.C. §2005e, *et. seq.*, employment discrimination claim against the Pennsylvania Department of Corrections ("DOC"), and various individual officials of that Department. She alleges that she was passed over for a job based on her race. For the reasons which follow, the Complaint will be dismissed, with prejudice to the assertion of Title VII claims, but otherwise without prejudice and with leave to amend.

First, as to the Title VII claims against the individual Defendants, they fail because our Court of Appeals has held that individual employees are not liable under Title VII. See *Nardella v. Philadelphia Gas Works*, 621 Fed. App'x. 105, 106 n.1 (3d Cir. 2015) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996)).

As to the Title VII claim against the DOC, that claim is facially time-barred. The Plaintiff's Complaint reveals that she was aware of the allegedly unlawful discriminatory action not later than September 9, 2014. Her letter to the EEOC, construed as her administrative filing, was on July 10, 2015, more than 300 days after the allegedly unlawful employment action (the hiring of another employee). Title VII claims in Pennsylvania must be filed with the EEOC or dual-filed with the PHRC within 300 days of the unlawful discriminatory act. *Mandel v. M&O*

1

*Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). Thus, Plaintiff's Title VII claim is facially untimely.

Plaintiff says that one of several equitable/legal doctrines nonetheless saves her Title VII case. She first says that the EEOC failed to properly advise her of that 300 day filing period. However, the record Plaintiff submitted to this Court reveals that the EEOC did just that. *See* ECF No. 11-4 at 6. Further, the fact that the EEOC scheduled an interview with Plaintiff after the deadline had passed is of no moment; the EEOC is not in a position to alter the statutory 300 day filing period. *See Green v. Mabus*, 362 F. App'x 319, 322 (3d Cir. 2010) ("[T]he appeal was not timely and the EEOC's statement to the contrary does not make it so or bind us."). In any event, the fact that the Plaintiff had scheduled an interview with the EEOC is not an "extraordinary circumstance" that prevented the Plaintiff from filing a timely charge of discrimination. *See Kocian v. Getty Ref. & Mktg. Co.*, 707 F.2d 748, 754–55 (3d Cir. 1983).

Her second effort is an argument that her later filing with the EEOC should "relate back" to the date she first talked with the EEOC, relying on *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 115 (2002). That case has nothing to do with Plaintiff's claims here. In that case, the claimant (unlike Plaintiff) had sent a written charge to the EEOC within the 300 day period, and the EEOC sent it back to be verified. It was returned to the EEOC after the 300 day period had expired. Relying on EEOC regulations and law related to verification of papers, the Supreme Court in *Edelman* allowed for the application of the relation back doctrine. Here, the Plaintiff did not submit a written claim to the EEOC within the statutory period, and her failure here did not involve the ministerial act of a late verification.

In Plaintiff's third effort, she asserts that she did not have knowledge of "actual discrimination" until September 15, 2014, or sometime thereafter. In our Circuit, there is no

2

general "equitable tolling" doctrine applicable in such a circumstance, at least not unless there is a basis to conclude that the Defendant has, via inequitable and deceptive conduct, prevented the Plaintiff from knowing what was necessary to make out a Title VII claim. See *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994).[1] Here, Plaintiff herself has stated that she believed that her non-selection for the position she sought was the unlawful discriminatory act, and she confirms that she knew of this non-selection on September 9, 2014. Thus, the 300-day clock began to run on September 9, 2014.[2]

In her fourth effort to save her claim, Plaintiff says that delays in the State Civil Service Commission's adjudicative process should toll her Title VII filing obligations. It is true that the bad faith acts of a defendant can, in certain circumstances, toll the statute of limitations period. That said, the actions that Plaintiff relies on here were the rescheduling of an administrative hearing from February to April of 2014, and a request by the lawyer for the DOC for a two week extension for the filing of a reply brief in that hearing (with the Plaintiff saying that she did not want to submit anything to the EEOC until she had read that reply brief). None of that is any sort of bad faith or duplicitous conduct by a Defendant that would interfere with the Plaintiff's ability

---

[1] Other Circuits have drawn a distinction between "equitable *tolling* (when a plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim) and equitable *estoppel* (when a defendant takes active steps to prevent a plaintiff from suing on time). *See, e.g., Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 448 (7th Cir. 1990). The doctrine which these other Circuits describe as "'equitable estoppel' appears to be the same, in all important respects, as our 'equitable tolling' insofar as our 'equitable tolling' excuses a late filing where such tardiness results from active deception on the part of the defendant." *Oshiver*, 38 F.3d 1380, 1389 n.7. The Third Circuit rejects an automatic application of tolling—however labeled—"where the plaintiff's failure to file timely cannot be attributed to any inequitable conduct on the part of the defendant." *Id.* at 1390.

[2] Indeed, even if the Third Circuit did apply the sort of equitable tolling proffered by the Plaintiff, the facts of this case suggest that Plaintiff believed that she had a claim, at the latest, on September 10, 2014. Plaintiff received notice of her non-selection on September 9, 2014 (the accrual date); she learned on September 10, 2014 that Terri Fazio had been selected instead. *See* ECF No. 11-3 at 4. Further, as Plaintiff's initial letter to the State Civil Service Commission makes clear, it was the selection of Fazio for the position that led Plaintiff to believe that race was used as a hiring factor. *See* ECF No. 11-3 at 5. ("Other than race, what other reason would Ms. Fazio, being less qualified but Caucasian, be selected for the position of Education Administration Manager over a more qualified African American."). Plaintiff alleges that the hiring decision was race-based because Fazio is (allegedly) a less qualified Caucasian and Plaintiff is (allegedly) a more qualified was African American. These facts were known on September 10, 2014—still over 300 days before Plaintiff's letter was submitted to the EEOC. Thus, even the application of this form of tolling—again, foreign to the Third Circuit—would not save Plaintiff's late filing.

3

to get to the EEOC on time. Nor is it the sort of conduct that would dupe the Plaintiff into sleeping on her rights.

Fifth, the Plaintiff asks this Court to apply a "continuing violation" theory under *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) to make her Title VII charge timely. That principle does not apply here, since it is plain that the last discriminatory act alleged occurred on September 9, 2014. This is simply not a "continuing violation" case.

Finally, plaintiff's *pro se* status is not a sufficient justification to apply equitable tolling. Though the Third Circuit has instructed that equitable tolling is particularly appropriate in cases involving "lay persons unfamiliar with the complexities of the administrative procedures," *Hart v. J. T. Baker Chem. Co.*, 598 F.2d 829, 832 (3d Cir. 1979), proceeding *pro se* is not, itself, determinative. *See Kellam v. City of Philadelphia*, 2016 WL 147151, at *3 (E.D. Pa. Jan. 13, 2016) ("The only potentially 'extraordinary' circumstance in this case is plaintiff's pro se status, which is insufficient to support equitably tolling a statute of limitations"); *Blakely v. Allegheny Cty. Airport Auth.*, 2007 WL 1599008, at *3 (W.D. Pa. June 4, 2007) (denying equitable tolling to a *pro se* plaintiff where "Plaintiff merely asserts that she could not find the time, based on her schedule, to make it to the courthouse by 4:30"); *Black v. U.S. Postal Serv.*, 2005 WL 1388629, at *3 (E.D. Pa. June 7, 2005) ("Plaintiff has failed to provide evidence to justify this Court's imposition of equitable tolling. As a *pro se* plaintiff, Plaintiff in this action did not demonstrate diligence in adhering to the 90 day filing deadline. Moreover, Plaintiff does not allege that opposing counsel prevented timely filing. Furthermore, Plaintiff fails to provide any other equitable reason which would warrant this Court's provision of equitable tolling."); *Robinson v. Se. Pennsylvania Transp. Auth.*, 2002 WL 1870462, at *3 (E.D. Pa. Aug. 14, 2002) (where plaintiff filed an EEOC complaint 302 days after the adverse employment action, "Plaintiff's pro

se status cannot be used to circumvent [the statute of limitations] requirements."). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," and the Court sees no other reason to allow for tolling here. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). *See also Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

That would be the end of the matter, but for the Plaintiff's request in her Brief in Opposition to the Motion to Dismiss for leave to amend in order to assert claims under 42 U.S.C. §1981. ECF No. 11 at 15–16. Of course, there are no direct §1981 claims against public officials or entities, *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009), but the Court cannot rule out that the Plaintiff may be able to assert some plausible claim via 42 U.S.C. §1983. Given that this is a *pro se* civil rights case, in our Circuit, such leave to amend should ordinarily be granted, unless the Court concludes as a matter of law that any amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Since the Court does not so conclude, leave to amend will be granted.

The Motion to Dismiss is granted. All of the Title VII claims in this case are dismissed, with prejudice. The Plaintiff is granted leave to file an Amended Complaint on or before March 17, 2016.

An appropriate Order will be issued.

/s/ Mark R. Hornak<br>
Mark R. Hornak<br>
United States District Judge

Dated: February 16, 2016
cc: All counsel of record
    Plaintiff (by U.S. Mail)

5